United States District Court
District of Massachusetts

_____   )
                                      )
**UNITED STATES OF AMERICA,**         )
                                      )
        v.                            )
                                      )       Criminal No.
**JUSTIN REGO,**                      )       08-10311-NMG
        **Defendant.**                )
_____   )

**MEMORANDUM & ORDER**

Defendant Justin Rego has filed a petition for a writ of coram nobis seeking to vacate his 2010 conviction for being a Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1). His petition is based upon his unavailing arguments that his predicate offenses resulted in sentences of less than one year and thus were not properly considered felonies.

Corram nobis is "ordinarily available only to a criminal defendant who is no longer in custody." Trenkler v. United States, 536 F.3d 85, 98 (1st Cir. 2008). Rego is, however, still serving his sentence. Furthermore, Rego's argument that Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010) and United States v. Simmons, 635 F.3d 140 (4th Cir. 2011) give rise to a "new substantive right" is without merit. In fact, neither case supports Rego's claim that a defendant convicted of a crime which may be punishable by a period of incarceration of more than one year has not committed a felony if he was sentenced to less than

one year.

Rego's claim that his assault and battery conviction should not have been considered a crime of violence for sentencing purposes under United States v. Holloway, 630 F.3d 252 (1st Cir. 2011) should have been pressed on direct appeal.  Even if the Court were liberally to construe the motion as a § 2255 motion and despite the absence of an argument by Rego that his lawyer was ineffective in failing to raise such an objection, the petition is untimely because it was not filed within one year of his judgment of conviction. 18 U.S.C. § 2255(f)(1).  Furthermore any § 2255 motion would fail because Rego cannot show that he was prejudiced by the four level increase to his base offense level given that his sentence of 53 months falls squarely within the guideline range had his total offense level been 21 instead of 25.

## ORDER

In accordance with the foregoing, defendant's petition (Docket No. 49) is **DISMISSED**.


**So ordered.**

 /s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated May 20, 2013